UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

MADELEINE CASSIS,

                    Plaintiff,

            v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                    Defendant.

--------------------------------------------------------------

**MEMORANDUM & ORDER**
21-CV-969 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Madeleine Cassis commenced this action in New York state court pursuant to

Article 15 of New York's Real Property Actions and Proceedings Law ("RPAPL"), seeking the

cancellation and discharge of a mortgage encumbering real property located at 4819 Avenue O,

Brooklyn, New York, also identified as Block 07893 and Lot 0003 (the "Property"). (Compl.

¶¶ 1–2, annexed to Notice of Removal as Ex. 1, Docket Entry No. 1-2.) Plaintiff contends that

Defendant Federal National Mortgage Association's commencement of a foreclosure action in

Kings County Supreme Court (the "State Court") in 2009 accelerated the mortgage debt and that,

as a result, the statute of limitations on an action to foreclose the mortgage has expired as it has

been more than six years since Defendant commenced foreclosure proceedings. (*Id.* ¶¶ 18, 27–

28.) Plaintiff contends that because the statute of limitations to foreclose on the mortgage has

expired, she is entitled to the cancellation and discharge of the mortgage and a determination that

she has a free and clear interest in the Property. (*Id.* ¶ 30.)

      On February 22, 2021, Defendant removed this action on the basis of diversity of

citizenship jurisdiction pursuant to 28 U.S.C. § 1332, (Notice of Removal ¶ 1, Docket Entry No.

1), and moved to dismiss the action for lack of jurisdiction and failure to state a claim pursuant to

Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, respectively.[1]  In the

alternative, Defendant seeks a stay of all proceedings pursuant to the *Colorado River* abstention

doctrine pending resolution of the State Court foreclosure proceedings.  (Def.'s Mem. 2.)

Plaintiff opposes the motion.[2]  For the reasons set forth below, the Court grants Defendant's

motion to stay and stays the action pending resolution of the State Court foreclosure proceedings.

## I.  Background

The Court assumes the truth of the factual allegations in the Complaint for the purpose of

deciding Defendant's motion.[3]

### a.  The note and mortgage

On February 13, 2008, Plaintiff executed and delivered a note to Suntrust Mortgage, Inc.,

promising to pay the principal sum of $352,000.00 (the "Note").  (Compl. ¶ 13.)  On the same

day, Plaintiff executed a mortgage in favor of Mortgage Electronic Systems as nominee for

Suntrust in the principal sum of $352,000.00, mortgaging the Property as collateral security for

the Note (the "Mortgage").  (*Id.* ¶ 14.)  The Mortgage was initially recorded on or about August

---

[1]  (Def.'s Mot. to Dismiss ("Def.'s Mot."), Docket Entry No. 7; Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 8; Def.'s Reply Mem. in Further Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 12; Decl. of Adam Swanson ("Swanson Decl.") in Supp. of Def.'s Mot., Docket Entry No. 9.)

[2]  (Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Docket Entry No. 10.)

[3]  In addition, the Court takes judicial notice of the documents filed in Plaintiff's foreclosure proceeding in State Court.  *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998))); *Nath v. JP Morgan Chase Bank*, No. 15-CV-3937, 2016 WL 5791193, at *1 n.1 (S.D.N.Y. Sept. 30, 2016) (taking judicial notice of the note, mortgage, and assignment of mortgage as well as documents filed in state-court foreclosure proceedings).

7, 2008, and was subsequently assigned to Defendant on June 21, 2013, and recorded in the Office of the City Register on or about July 3, 2013.  (*Id.* ¶¶ 15–16.)

### b.  The foreclosure proceedings in State Court

On October 15, 2009, Defendant commenced a foreclosure action in the State Court, contending that Plaintiff had defaulted on her mortgage payments.  (Def.'s Mem. 3 (citing Summons and Compl. dated Oct. 15, 2009, annexed to Swanson Decl. as Ex. 2, Docket Entry No. 9-2).)  Although Plaintiff did not answer the foreclosure complaint, Plaintiff's counsel filed two notices of appearances in 2010 and 2012, and Plaintiff appeared in court for twenty-six conferences, between March of 2010 and January of 2015.  (*Id.* (first citing Notice of Appearance dated June 29, 2010, annexed to Swanson Decl. as Ex. 3, Docket Entry No. 9-3; then citing Notice of Appearance dated Oct. 11, 2012, annexed to Swanson Decl. as Ex. 4, Docket Entry No. 9-4; and then citing Letter dated Apr. 20, 2021, annexed to Swanson Decl. as Ex. 17, Docket Entry No. 9-17).)  On September 28, 2015, Defendant moved for an order of reference appointing a referee to assess the amount due under the Mortgage.  (*Id.* (first citing Mot. for Order of Reference, annexed to Swanson Decl. as Ex. 5, Docket Entry No. 9-5; and then citing Kings County Clerk's Office Case File Summ. for the Foreclosure Action, annexed to Swanson Decl. as Ex. 22, Docket Entry No. 9-22).)  On April 12, 2016, Plaintiff filed a cross-motion to dismiss for lack of personal jurisdiction based on insufficient service of process.  (*Id.* at 4 (citing Pl.'s Cross-Mot. to Dismiss, annexed to Swanson Decl. as Ex. 6, Docket Entry No. 9-6).)

On August 8, 2016, the State Court held Defendant's motion for order of reference and Plaintiff's cross-motion to dismiss in abeyance pending a traverse hearing to determine the sufficiency of service.  (*Id.* (citing Order dated Aug. 8, 2016, annexed to Swanson Decl. as Ex. 7, Docket Entry No. 9-7 (holding the parties' motions "in abeyance pending the traverse hearing"

and referring the case to "a special referee [Judicial Hearing Officer] Part to hear and report")).)

Following the traverse hearing on March 23, 2017, the special referee issued a decision finding

that Plaintiff was not properly served with process (the "March 2017 Decision").  (*Id.* at 4 (first

citing Appearance Detail for the Foreclosure Action, annexed to Swanson Decl. as Ex. 21,

Docket Entry No. 9-22; and then citing March 2017 Decision, annexed to Swanson Decl. as Ex.

8, Docket Entry No. 9-8 (finding "that [Defendant] has failed to prove by a preponderance of the

evidence that the [Plaintiff] was served with process" and sustaining traverse)).)

On April 18, 2017, Defendant filed a motion for extension of time to serve Plaintiff.  (*Id.*

(citing Mot. for Extension of Time to Serve dated Apr. 18, 2017, annexed to Swanson Decl. as

Ex. 9, Docket Entry No. 9-9).)  On April 19, 2017, after receiving notice of the March 2017

Decision and Defendant's motion for an extension of time to serve Plaintiff, the State Court

"marked off" the calendar as moot Defendant's pending motion for order of reference and

Plaintiff's pending cross-motion to dismiss.  (*Id.* (citing Appearance Detail for the Foreclosure

Action (marking the parties' pending motions "moot")).)

On October 23, 2017, the State Court granted Defendant's motion for extension of time

to effect service on the Plaintiff, noting that \ Defendant "filed its motion prior to the dismissal of

the action (which has still not occurred) and in response to the [March 2017 Decision]" (the

"October 2017 Decision").  (*Id.* (citing Order dated Oct. 23, 2017, annexed to Swanson Decl. as

Ex. 10, Docket Entry No. 9-10).)  Plaintiff appealed and three years later, on October 28, 2020,

the New York Supreme Court, Appellate Division, reversed the October 2017 Decision, denying

Defendant's motion for an extension of time to serve Plaintiff with the summons and complaint.[4]

_____

[4] Prior to the Appellate Division's reversal of the October 2017 Decision, the parties
moved for summary judgment.  On October 7, 2019, the State Court denied both motions and

(App. Div. Order dated Oct. 28, 2020, annexed to Swanson Decl. as Ex. 19, Docket Entry No. 9-19.)  On April 15, 2021, Plaintiff filed a notice of settlement and a proposed judgment and order of dismissal which Defendant rejected on April 19, 2021, on the grounds that "[n]o judge has ever ordered dismissal of this Action and [Plaintiff's request for a [j]udgment of [d]ismissal is improper," and because Plaintiff's motion to dismiss was "marked off and never ruled upon . . . there is no basis to enter judgment of dismissal."  (Letter dated Apr. 20, 2021; *see also* Notice of Settlement, annexed to Swanson Decl. as Ex. 15, Docket Entry No 9-15; Notice of Rejection, annexed to Swanson Decl. as Ex. 16, Docket Entry No 9-16.)

On April 26, 2021, Plaintiff moved for an order "restoring [Defendant's] motion for an [o]rder of [r]eference . . . and [Plaintiff's] cross motion to dismiss . . . to the calendar; and/or . . . [s]uch other and further relief as to [the] Court may deem just and proper," (the "Motion to Restore").  (Def.'s Reply 3 (citing Mot. to Restore Def.'s Mot. for Order of Reference and Pl.'s Cross-Mot. to Dismiss, annexed to Swanson Decl. as Ex. 18, Docket Entry No. 9-18).)  The State Court has not yet decided Plaintiff's Motion to Restore.[5]

## II.  Discussion

### a.  Standard of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it."  *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St.*

---

directed the parties to "proceed to trial."  (*Id.* at 4–5 (citing Order dated October 7, 2019, annexed to Swanson Decl. as Ex. 12, Docket Entry No. 9-12).)

[5] *See WebCivil Supreme – Motion Detail*, New York State Unified Court System, https://iapps.courts.state.ny.us/webcivil/FCASSearch (last visited Dec. 21, 2021).

*Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

**b.   Abstention is appropriate under the *Colorado River* doctrine**

Defendant argues that the *Colorado River* abstention doctrine justifies dismissal or a stay in this case because the state and federal proceedings are parallel as "[t]he identity of the parties are the same in both actions and the determination of [Defendant's] [f]oreclosure [a]ction will resolve [Plaintiff's] claim . . . that [Defendant] is barred from claiming any interest in the Property by operation of the statute of limitations." (Def.'s Mem. 11.)  In support, Defendant argues that the *Colorado River* factors favor abstention as (1) the New York State court has

jurisdiction over the *res* —the Property; (2) "both forums are within the state of New York, . . . [and] are equally convenient, as evidenced by [Plaintiff's] choice to commence this [a]ction in state court"; (3) "staying or dismissing this [a]ction would avoid piecemeal litigation over the enforceability of the Note and [Mortgage]"; (4) "[t]his [a]ction has not moved beyond the filing of the pleadings"; (5) "there are no federal issues here"; and (6) the "[S]tate [C]ourt's procedures are adequate to protect Plaintiff's rights."[6] (*Id.* at 12.)

Plaintiff contends that because the State Court foreclosure action was dismissed, there is no parallel proceeding to warrant a determination of the factors pursuant to the *Colorado River* abstention doctrine. (Pl.'s Opp'n 6.) Plaintiff does not otherwise address the *Colorado River* factors.

The Supreme Court has held that a federal court may abstain from exercising jurisdiction over a case when there is a pending parallel state court proceeding and certain factors weigh in favor of abstention. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976); *see also Krondes v. Nationstar Mortg., LLC*, 789 F. App'x 913, 914 (2d Cir. 2020) ("Under the *Colorado River* abstention doctrine, 'a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in "comprehensive disposition of litigation" and abstention would conserve judicial resources.'" (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012))). "Federal and state proceedings are parallel for purposes of abstention when the two proceedings are 'essentially the same' — when there is an identity of parties, and the issues and relief sought are

---

[6] Although Defendant also seeks to dismiss the action for lack of jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, because the Court stays the action pursuant to the *Colorado River* doctrine, it declines to consider Defendant's additional arguments.

the same." *U.S. Bank Nat'l Ass'n as trustee Bank of Am., N.A. v. East Fordham DE LLC*, 804 F.

App'x 106, 107 (2d Cir. 2020) (quoting *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 22 (2d

Cir. 1997)); *see also Great South Bay Med. Care, P.C. v. Allstate Ins. Co*., 204 F. Supp. 2d 492,

496 (E.D.N.Y. 2002) ("Lawsuits are considered 'parallel' if 'substantially the same parties are

contemporaneously litigating substantially the same issues in different forums.'" (quoting

*Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998))).  "Perfect symmetry of parties

and issues is not required."  *Potente v. Capital One, N.A*., No. 16-CV-3570, 2018 WL 1882848,

at *4 (E.D.N.Y. Apr. 19, 2018).  "Rather, parallelism is achieved where there is a substantial

likelihood that the state litigation will dispose of all claims presented in the federal case."

*Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014) (quoting *In re Comverse

Tech., Inc.*, No. 06-CV-1849, 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006))).

     If the proceedings are parallel, the court generally considers the following six factors,

with the balance heavily weighted in favor of the exercise of jurisdiction:

> (1) whether the controversy involves a *res* over which one of the
> courts has assumed jurisdiction; (2) whether the federal forum is less
> convenient than the other for the parties; (3) whether staying or
> dismissing the federal action will avoid piecemeal litigation; (4) the
> order in which the actions were filed . . . and whether proceedings
> have advanced more in one forum than in the other; (5) whether
> federal law provides the rule of decision; and (6) whether the state
> procedures are adequate to protect the plaintiff's federal rights.

*Niagara Mohawk Power Corp.*, 673 F.3d at 100–01; *see also Krondes v. Nationstar Mortg*.,

LLC, No. 17-CV-4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018) (same) (quoting

*Woodford v. Cmty. Action Agency of Greene Cnty.,* 239 F.3d 517, 522 (2d Cir. 2001) (internal

quotation marks omitted)), *aff'd*, *Krondes v. Nationstar Mortg., LLC*, 789 F. App'x 913 (2d Cir.

2020).

### i.   The State Court action and the federal action are parallel

The pending State Court foreclosure action is a parallel proceeding to this action because (1) the same parties are contemporaneously litigating both cases, and (2) both actions concern the enforceability of the Note and Mortgage.  *See Krondes*, 789 F. App'x at 914 ("Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." (quoting *Dittmer*, 146 F.3d at 118 (2d Cir. 1998))); *see also U.S. Bank Nat'l Ass'n as trustee Bank of Am., N.A.*, 804 F. App'x at 107 ("Federal and state proceedings are parallel for purposes of abstention when the two proceedings are 'essentially the same' — when there is an identity of parties, and the issues and relief sought are the same." (quoting *Nat'l Union Fire Ins. Co*, 108 F.3d at 22)).

### ii.   The *Colorado River* factors weigh in favor of abstention

In addition, the relevant factors weigh in favor of abstention.

First, the state court has jurisdiction over the *res* — the Property.  "A foreclosure action is an *in rem* proceeding."  *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999); *see also Wenegieme v. Bayview Loan Servicing*, No. 14-CV-9137, 2015 WL 2151822, at *3 (S.D.N.Y. May 7, 2015) (noting that "when the foreclosure proceeding" commenced, the state court "exercised jurisdiction over the *res* in question").  Therefore, where the state court proceeding is a foreclosure action, "this factor strongly favors abstention."  *Krondes*, 2018 WL 2943774, at *3; *see also FDIC*, 178 F.3d at 101–02) (finding this factor "dispositive").

Second, because both forums are within the state of New York, and as neither party argues otherwise, the Court finds the forums are equally convenient.  (*See generally* Def.'s Mem.; Pl.'s Opp'n.)  However, the Second Circuit has held that where the federal court is "just as convenient" as the state court, this factor favors retention of the case in federal court.  *Niagara*

*Mohawk Power Corp.*, 673 F.3d at 101 ("[W]here the federal court is just as convenient as the state court, that factor favors retention of the case in federal court." (quoting *Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999))).

Third, staying or dismissing the federal litigation would avoid piecemeal litigation.  *See Sitgraves v. Fed. Home Loan Mortg. Corp.*, 265 F. Supp. 3d 411, 414 (S.D.N.Y. 2017) ("Avoidance of piecemeal litigation weighs in favor of abstention where a party's claims in the federal action 'can and should be handled as a defense to the foreclosure claim.'" (quoting *Bromfield v. Lend–Mor Mortg. Bankers Corp.*, No. 15-CV-1103, 2016 WL 632443, at *5 (D. Conn. Feb. 17, 2016))).  In resolving Plaintiff's claim, the Court would necessarily have to decide whether the Note and Mortgage are enforceable — the same legal and factual issues that form the basis of Defendant's claims in the parallel State Court action.  Because maintaining these parallel proceedings would "waste judicial resources and invite duplicative effort," this factor weighs in favor of abstention.  *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 52–53 (2d Cir. 2020) (affirming the district court abstaining from litigating case in light of parallel state case because "the danger of piecemeal litigation was very strong and arguably the key factor" and noting that "avoiding piecemeal litigation may be the paramount consideration under certain circumstances" (citing *Arkwright–Boston Mfrs. Mut. Ins. Co.*, 762 F.2d at 210)).

The fourth factor — whether the proceedings have advanced further in one forum than the other — also weighs in favor of abstention.  The State Court action has been pending for over

eleven years and is now in an advanced stage of litigation.[7]  (*See* Def.'s Mem. 12); *see also*
*Teves Realty, Inc. v. Bartley*, No. 14-CV-3227, 2017 WL 1232443, at *3 (E.D.N.Y. Mar. 31,
2017) (finding *Colorado River* abstention applied to foreclosure action that "ha[d] been active
and ongoing for so many years" prior to federal court action).

The fifth factor — whether state or federal law provides the rule of decision — also
weighs in favor of abstention.  Plaintiff's claim is asserted under New York real property law
and does not pose or implicate any federal law issues.  As a result, the State Court is best suited
to resolve the issues presented by this case.  *See Sitgraves*, 265 F. Supp. 3d at 415 (nothing that
"New York State courts routinely handle claims related to [the RPAPL] and enforceability of a
note or mortgage" therefore the "state court is particularly well suited to decide the issue
presented in this case"); *see also Arkwright–Boston Mfrs. Mut. Ins. Co.*, 762 F.2d at 211 ("[I]f
either forum is in a better position to sort out the issues presented by this case, it is the state
court, as the case involves exclusively questions of local law.").

Finally, the sixth factor weighs in favor of abstention as Plaintiff does not argue that state
procedures are inadequate.  To the contrary, Plaintiff indicates that she "has no objection to the
remand of the [q]uiet [t]itle [a]ction back [the State Court], where an action dealing in real
property situated in the state belongs."  (Pl.'s Opp'n 7.)

---

[7]  *See WebCivil Supreme – Appearance Detail*, New York State Unified Court System,
https://iapps.courts.state.ny.us/webcivil/FCASSearch (last visited Dec. 28, 2021) (indicating that
on February 15, 2022, the State Court will hear argument regarding Plaintiff's pending motions
to (1) restore Defendant's motion for an order of reference and Plaintiff's motion to dismiss; and
(2) to vacate the note of issue filed on March 10, 2021, pursuant to CPLR §5015(a)(3)).

Therefore, because most of the *Colorado River* factors weigh in favor of abstention, the Court stays the case pending resolution of the State Court foreclosure proceedings.[8]  *See EMS Indus. Corp. v. Acciai Speciali Terni, USA, Inc.*, No. 99-CV-9050, 2000 WL 101233, at *3 (S.D.N.Y. Jan. 26, 2000) (finding where the balance of factors "in this case clearly favors abstention, particularly as factor three, the avoidance of piecemeal litigation, strongly favors abstention . . . [t]he parties must be directed to concentrate their efforts in one forum"); *see also Cadle Co. v. Bankers Fed. Sav. FSB*, 929 F. Supp. 636, 639 (E.D.N.Y. 1996) ("The abstention doctrine may be invoked either through a stay or dismissal of the action.").

## III.  Conclusion

For the foregoing reasons, the Court finds abstention is appropriate under the *Colorado River* doctrine and grants Defendant's motion to stay the action pending resolution of the State Court foreclosure proceedings.

Dated:  December 31, 2021
       Brooklyn, New York

SO ORDERED:

 s/ MKB
MARGO K. BRODIE
United States District Judge

---

[8]  Plaintiff also argues that Defendant must "be judicially estopped from seeking abstention when it was the party that moved to change venue to this Court." (*Id.* at 6–7.)  The doctrine of judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by her in a prior legal proceeding. *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) ("Judicial estoppel 'prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding.'" (quoting *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993))).  Plaintiff does not allege that Defendant has made a contradictory assertion of fact, and therefore, the doctrine of judicial estoppel is not applicable.  *See TM Patents, L.P. v. Int'l Bus. Machines Corp.*, 72 F. Supp. 2d 370, 379–80 (S.D.N.Y. 1999) (stating that "[the defendant's] invocation of judicial estoppel is improper, as that doctrine applies only to inconsistent factual positions, not to issues of law").